**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| RONALD JONES, | : | |
|  | : | Civil Action No. 12-5823 (NLH) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| PAUL K. LAGANA, et al., | : | |
|  | : | |
| Respondents. | : | |

APPEARANCES:

Ronald Jones, SBI #954731A/67483
Northern State Prison
P.O. Box 2300
Newark, NJ 07114
    Plaintiff Pro Se

**HILLMAN**, District Judge:

   Petitioner Ronald Jones ("Petitioner"), a prisoner confined at Northern State Prison in Newark, New Jersey, files the instant petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed for a state conviction of rape and kidnapping in 1981.  For the reasons stated below, the Petition will be dismissed for lack of jurisdiction.

                         I.  BACKGROUND

   This is at least the ninth petition the Petitioner has filed under 28 U.S.C. § 2254.  The Court will very briefly

summarize the eight known prior petitions for the purposes of this Opinion.

The first two petitions filed by Petitioner, <u>Jones v. Beyer</u>, No. 93-0164 (D.N.J. filed Jan. 8, 1993) and <u>Jones v. Morton</u>, No. 95-1296 (D.N.J. filed Mar. 28, 1995), were dismissed for failure to exhaust state court remedies.  During the pendency of the second petition, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed a one-year statute of limitations on § 2254 petitions.

The third petition, <u>Jones v. Morton</u>, 97-5606 (D.N.J. filed Nov. 3, 1997), was dismissed both as a successive petition, and as time barred by AEDPA.  The Third Circuit affirmed the dismissal as time-barred.  The fourth and fifty petitions, <u>Jones v. Hendricks</u>, No. 01-0337 (D.N.J. filed Jan. 24, 2001) and <u>Jones v. Hendricks</u>, No. 02-4612 (D.N.J. filed Sept. 20, 2002), were both dismissed with prejudice.

The sixth petition, <u>Jones v. Hendricks</u>, No. 03-3927 (D.N.J. filed Aug. 18, 2003), was transferred to the Third Circuit, and the Third Circuit denied leave to proceed with a second or successive petition.  The seventh petition, <u>Jones v. Hendricks</u>, No. 04-1529 (D.N.J. filed Mar. 30, 2004), was dismissed as a second or successive petition, which the Third Circuit affirmed on the same ground.

The eighth petition, Jones v. Hayman, No. 06-5725 (D.N.J. filed Nov. 29, 2006) was initially dismissed as a second or successive petition.  On appeal, the Third Circuit affirmed the dismissal of all claims except one, because the remaining claim did not challenge the validity of Petitioner's sentence, but challenged the status of his parole eligibility.  On remand, the Court dismissed the remaining claim with prejudice.

Now, Petitioner files his ninth petition.  The instant Petition challenges solely the validity of his sentence, and does not contain challenges to his parole eligibility.

## II.   DISCUSSION

Title 28, Section 2244(b)(1) of the United States Code states that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  While § 2244 permits a second or successive petition under certain extremely limited circumstances, see 28 U.S.C. § 2244(b)(2), before a district court can entertain such petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3); see also Rules Governing § 2254 Cases, Rule 9.  Furthermore, § 2244 imposes a one-year limitations period to file a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).

3

Here, Petitioner does not raise any claims that were not presented in his prior petitions.  For example, Petitioner claims that trial counsel erred in not calling key witnesses whose testimony would "prove" Petitioner's innocence, that prosecutors withheld exculpatory medical evidence, and that trial counsel failed to file a first appeal.  All of these claims have been adjudicated by state and federal district courts in the past.  Unlike his eighth petition, where he raised a claim concerning his parole eligibility, all of Petitioner's claims here attack the validity of his state sentence.  As the Court summarized above, Petitioner has made the same claims multiple times over the last 20-plus years, and the Third Circuit has denied at least one of Petitioner's prior petitions under the second and successive petition bar.  Accordingly, the instant Petition is barred by the second or successive petition bar under § 2244(b)(1).  Even if the Petition can somehow be construed as presenting a new claim or claim that is or are permissible under § 2244(b)(2), this Court lacks jurisdiction to entertain such claim or claims because Petitioner has not been authorized by the appropriate court of appeals under § 2244(b)(3).  However, regardless of whether this Court has jurisdiction to entertain any claims of the Petition, as the Third Circuit has already held, the Petitioner is time-barred

from seeking collateral review of his sentence by the one-year statute of limitations under § 2244(d)(1).[1]

Lastly, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[1] The Court hereby give notice to Petitioner that, given his repeated frivolous filings, any further attempts to raise the same meritless claims with the Court will result in the Court considering the issuance of an injunction barring and enjoining Petitioner from filing any document or pleading of any kind in this District as a pro se litigant, except in pending litigation, unless Petitioner (1) first seeks leave of the Court granting Petitioner written permission to file any such document or pleading, and (2) a judge of the Court grants Petitioner leave to file such document.  See Hallett v. New Jersey State, No. 09-3704, slip op. at 19 (D.N.J. Sept. 1, 2009); Brow v. Farrelly, 994 F.2d 1027, 1038 (3d  Cir. 1993) (holding that district courts may enjoin a pro se litigant from further filings through an injunction order as long as there is good cause and the injunction is narrowly tailored).

would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  The Court also denies a certificate of appealability.

At Camden, New Jersey                   s/ Noel L. Hillman
                                        Noel L. Hillman
                                        United States District Judge

Dated:  February 25, 2015