```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RONALD JONES,                       :
                                    :
          Petitioner,               :   Civ. No. 12-5823 (NLH)
                                    :
     v.                             :   OPINION
                                    :
PAUL K. LAGANA, et al.,             :
                                    :
          Respondents.              :
_____:

APPEARANCES:
Ronald Jones, #67483/854731A
121 N. Poplar St.
Apt. C-4-1
Wilmington, DE 19801
     Petitioner pro se

HILLMAN, District Judge

     This matter is presently before the Court upon receipt of a Motion to Reopen Case (ECF No. 7) by Petitioner Ronald Jones. For the reasons that follow, the Motion will be DENIED.

     I.   BACKGROUND AND PROCEDURAL HISTORY

     On or about September 10, 2012, Petitioner Ronald Jones, an inmate formerly confined at Northern State Prison in Newark, New Jersey, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction.  On February 25, 2015, this Court entered an Order (ECF No. 3) dismissing the Petition as "second and successive."  Notice of this Order was sent to Petitioner via regular U.S. mail at his

last known address; however, this mail was returned to the Court as undeliverable. (ECF No. 4).  Nevertheless, Petitioner eventually received notice of the fact that this case had been dismissed and he filed a Notice of Appeal (ECF No. 5) on September 8, 2015.  That appeal was recently dismissed for lack of jurisdiction by the Third Circuit under docket number 15-3185.

Petitioner then filed a Motion to Reopen Case (ECF No. 7) before this Court.  The Court set deadlines for this motion and sent notice to Petitioner via regular U.S. mail to his last known address.  This mail, too, was returned to sender as undeliverable. (ECF No. 8).

In his Motion, Petitioner explains that he filed the instant Petition to assert his claim of actual innocence while he was incarcerated.  Petitioner then states that he filed a subsequent memorandum in support of his Petition, but that memorandum was docketed by the Court as a separate petition for writ of habeas corpus and was given Civ. No. 13-5185.  For these reasons, Petitioner requests "that the Court reopen the instant case in the interest of justice and spirit of the law. (Mot. 4, ECF No. 7).

## II.  DISCUSSION

As explained in the Court's February 25, 2015 Opinion, the Petition was dismissed for lack of jurisdiction as second and

2

successive. (ECF No. 2). Therefore, any request to reopen impliedly seeks reconsideration of the Court's February 25, 2015 Order. At its core, then, the instant Motion to Reopen Case is a motion for reconsideration. Moreover, because Petitioner specifically cites to FED. R. CIV. P. 60 (Mot. 2, ECF No. 7), that is the statute under which this Court will evaluate his motion.

Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise or excusable neglect" (Rule 60(b)(1)); "newly discovered evidence" (Rule 60(b)(2)); fraud (Rule 60(b)(3)); a void judgment (Rule 60(b)(4)); a satisfied judgment (Rule 60(b)(5)); or "any other reason that justifies relief" (Rule 60(b)(6)). FED. R. CIV. P. 60(b). In this case, however, it is unclear on which ground of Rule 60(b) Petitioner relies in support of his motion.

As set forth above, Petitioner states only that a memorandum of law which he meant to file in support of the instant Petition was docketed by the Court as a separate petition for writ of habeas corpus. Therefore, the only potential basis for Petitioner's claim for relief is either Rule 60(b)(1) or Rule 60(b)(6), the "catchall provision." See Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L. Ed. 2d 663 (2015) ("Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other

3

than those listed elsewhere in the Rule."). With respect to a motion filed under Rule 60(b)(6), "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Id. (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

Regardless of the basis for Petitioner's instant motion, the Court finds that neither Rule 60(b)(1) or 60(b)(6) is applicable, and Petitioner's argument is without merit. Petitioner offers no reason which would warrant relief from this Court's previous Order. Even accepting as true Petitioner's allegation that a document he submitted in support of the instant Petition was docketed as an entirely new petition, this fact does not warrant relief under Rule 60(b). First, the Court notes that the habeas case opened as a result of that submission, Civ. No. 13-5185, and assigned to a different judge was likewise dismissed for lack of jurisdiction as second and successive. See Jones v. Lagana, No. 13-5185, 2015 WL 4716016, at *3 (D.N.J. Aug. 7, 2015) ("As this is a successive § 2254 petition, barred by § 2244(b), this Court must dismiss the petition for lack of jurisdiction."). Therefore, even if that document had been filed in the instant case, this Court's analysis of the instant Petition would not change — it would

still have been dismissed for lack of jurisdiction as second and successive.

Moreover, Petitioner has offered no explanation for why he did not bring this issue to the Court's attention sooner. Nearly 18 months elapsed between the time Petitioner's second habeas case was initiated, August 29, 2013, and the date this Court issued its Order dismissing the instant Petition, February 25, 2015.  In addition, the record in Petitioner's second habeas case, Civ. No. 13-5185, reveals that Petitioner filed two motions in that case and failed to mention the Court's alleged error in either submission.  Therefore, at the least, it appears that Petitioner avoided raising this issue with the Court.

Finally, the Court notes that in his current Motion Petitioner twice mentions his change of address and states that "the Court inadvertedly [sic] sent [the Order dismissing his case] to Northern State Prison, instead of sending to his current Delaware address where he's been residing since June 2013[.]" (Mot. 3, ECF No. 7).  To the extent Petitioner implies that this was an error on the Court's part and that this change of address warrants reopening the instant case or reconsideration of the Court's Order dismissing the instant case, Petitioner's argument is without merit.  Pursuant to Local Civil Rule 10.1, it is Petitioner's responsibility to keep the Court informed as to any change in his address. See L. CIV. R.

5

10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").  Nevertheless, the Court will direct the Clerk of the Court to update Petitioner's address on the docket and to send this Opinion and the accompanying Order to Petitioner at the return address listed on his Motion: 121 N. Poplar St., Apt. C-4-1, Wilmington, DE 19801.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reopen Case (ECF No. 7) is DENIED.  The case will be reclosed.

An appropriate Order follows.


                                          ____s/ Noel L. Hillman____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: March 14, 2016
At Camden, New Jersey