```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
RONALD JONES,                      :
                                   :
        Petitioner,                :   Civ. No. 12-5823 (NLH)
                                   :
     v.                            :   OPINION
                                   :
PAUL K. LAGANA, et al.,            :
                                   :
        Respondents.               :
_____:

APPEARANCES:
Ronald Jones, #67483/854731A
121 N. Poplar St.
Apt. C-4-1
Wilmington, DE 19801
    Petitioner pro se

HILLMAN, District Judge

    This matter is presently before the Court upon receipt of a motion (ECF No. 12) by Petitioner Ronald Jones, seeking relief pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons that follow, the Motion will be dismissed for lack of jurisdiction.

                I.    BACKGROUND AND PROCEDURAL HISTORY

    On or about September 10, 2012, Petitioner Ronald Jones, an inmate formerly confined at Northern State Prison in Newark, New Jersey, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction. (ECF No. 1).  On February 25, 2015, this Court entered an Order (ECF

No. 3) dismissing the Petition as "second and successive." Petitioner filed a Notice of Appeal (ECF No. 5), which was dismissed on February 16, 2016 by the Third Circuit for lack of jurisdiction under appellate docket number 15-3185 (ECF No. 9).

Petitioner then filed a Motion to Reopen Case (ECF No. 7) before this Court.  In an Opinion and Order dated March 14, 2016, this Court determined that because the Petition had been dismissed for lack of jurisdiction as second and successive in an Order dated February 25, 2015, any request to reopen impliedly sought reconsideration of the Court's February 25, 2015 Order.  Therefore, this Court construed the Motion to Reopen Case as a motion for reconsideration.  Additionally, because Petitioner specifically referred to Fed. R. Civ. P. 60 in his motion (Mot. to Reopen 2, ECF No. 7), the Court evaluated his motion under that statute.  The motion was denied on March 14, 2016. (ECF No. 11).

Petitioner has now filed a "Motion for Relief from Order" and he relies on Rule 60(b)(6). (ECF No. 12).

## II.   DISCUSSION

A. Standard for Rule 60(b)(6) Motions

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct.

2

2641, 162 L.Ed.2d 480 (2005).  Specifically at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L. Ed. 2d 663 (2015)

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).  "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." Weber v. Pierce, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); see also Cox, 757 F.3d at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(b).  The Third Circuit has explained that,

3

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); see also Parham, 496 F. App'x at 184 (citing Gonzalez, 545 U.S. at 524, 530) (explaining that a 60(b) motion should be treated as a second or successive habeas petition if it "seeks vindication" of a "claim" defined as "an asserted federal basis for relief from a state court's judgment of conviction").

Here, Petitioner relies on Rule 60(b)(6) and asserts that he should be permitted to advance his claims of "actual innocence."  In his motion, Petitioner explicitly attacks the validity of, and presents substantive challenges to, his underlying state conviction and sentence.  Because the instant motion does not attack the manner in which the decision denying petitioner's first habeas application was procured, Petitioner's motion is not a "true" Rule 60(b) motion; and it should be construed as a second or successive habeas petition pursuant to § 2254.  See Gonzalez, 545 U.S. 524; Pridgen, 380 F.3d at 727; Evans v. Pierce, 148 F. Supp. 3d 333, 337 (D. Del. 2015), aff'd (June 16, 2016) (holding that a motion which did not challenge the way in which a petitioner's claim was adjudicated was more

4

appropriately construed as a second or successive habeas petition).

Petitioner does not assert that the Third Circuit Court of Appeals has authorized the filing of a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A).  Accordingly, this Court is without jurisdiction to address Petitioner's claims of actual innocence.

B. Timing of Rule 60(b)(6) Motions

Pursuant to Rule 60(c)(1), motions which rely on grounds (1), (2), or (3) of Rule 60(b) must be made within one year after the judgment which is being challenged.  However, motions, such as the instant motion, which are filed pursuant to ground (6), are subject only to the rule's general requirement that such a motion be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).  Although there is no specific time limit for motions filed pursuant to Rule 60(b)(6), the general one-year time limit remains applicable unless "extraordinary circumstances" excuse the delay in filing. See Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007) (citations omitted) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner."); Tokley v. Ricci, No. 09-4546, 2015 WL 3875694, at *3 (D.N.J. June 23, 2015).

5

Here, Petitioner filed the instant motion on May 26, 2016. Although in his motion Petitioner repeatedly requests reconsideration of this Court's March 14, 2016 Order denying his first motion to reopen, the crux of Petitioner's argument is that his Petition should not have been dismissed as second or successive. Therefore, the Order for which Petitioner truly seeks reconsideration is this Court's February 25, 2015 Order dismissing the Petition as second or successive. Accordingly, the instant motion was filed more than one year after the judgment which Petitioner challenges, and Petitioner has not shown any "extraordinary circumstances" which would excuse his delay. See Gordon, 239 F. App'x at 713. Moreover, Petitioner filed a separate motion to reopen during this time period, which further suggests that no extraordinary circumstances existed to prevent him from filing the instant motion sooner.

C. Other Arguments

Finally, this Court notes that at various points in his motion, Petitioner refers to procedural default, and cites to Christy v. Horn, 115 F.3d 201 (3d Cir. 1997) in support of his assertion that his petition should not have been considered second or successive. The Court takes this opportunity to remind Petitioner that, as explained in this Court's February 25, 2015 Opinion (ECF No. 2), his Petition was dismissed as second or successive because the challenges raised therein had

6

been previously presented in other petitions filed pursuant to § 2254. Therefore, the issues of procedural default and exhaustion of state remedies — which were at issue in <u>Christy v. Horn</u> — are inapplicable to the instant motion and do not provide a basis for reconsideration of the Court's February 25, 2015 Order dismissing the Petition as second or successive.

### III.  CERTIFICATE OF APPEALABILITY

To the extent one may be necessary, the Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1).

### IV.  CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief From Judgment pursuant to Rule 60(b)(6) (ECF No. 12) will be dismissed for lack of jurisdiction and, alternatively, as time-barred. The case will be reclosed.

An appropriate Order follows.

                                       ___s/ Noel L. Hillman_____
                                       NOEL L. HILLMAN
                                       United States District Judge

Dated: August 3, 2016
At Camden, New Jersey